Chief Justice Bibb
delivered the Opinion of the Court.
Hollidarand others, as complainants, brought a bill in chancery, claiming a division of the estate of James Hickm, anas in case of his intes- *377 tácyj but if tbe will which was asserted by the de; fendants, Janies, Joel and Richard, should be estab-lislied, then for a division according to the will.
tingupavriji"
Decree of the circuit courj on the biI!*
Decree on the cross “i!-
Original d'e-cree set aside, ^ree an¿ de"„ peals." ap"
Orders touch-¡ng the ap-^inio^oi'0^ i he decree.
James, Joel and Richard Hickman answered, and set up the will, and by cross bill, prayed for á decree establishing the will, and for a division of the land, slaves; &c. according to it.
On the 1st October, 1821, both causes came to á hearing; in the original cause, a jury had previously been impannelled, and found the will duly published, &c. The court entered a decree declaring .the said. James Hickman, deceased, died testate, as stated in the answers of the defendants, therefore, dismissed the prayer for division, as in case of intestacy; but appointed commissioners to divide the estate according to the will and testament.
On the cross bill, a decree was pronounced, establishing the said last'will and testament, and decreeing costs to the complainants in the cross bill. Thus ended the proceedings upon this cross hill.
The proceedings for a division under the decree fn the original bill progressed.
On the 15th of February, 1822, the decree which had been entered in the original cause, (by Holliday and wife, David Hickman and others, part of the children, and devisees of said deceased, against the other children, James, Joel and Richard Hickman, at the preceding September term, to-wit: on the 1st of October, 1821,) was set aside by consent, and in lieu of it, by like consent, a decree declaring the will to have been made, and appointing other commissioners to divide the estate according to the will, was entered; which commissioners reported a division of the lands, and in October, 1823, the division as to the lands was confirmed and decreed; each party prayed an appeal, and by consent the appeal was granted without security.
At February term, 1824, by consent, an order was entered, that unless one party or the other applied within thirty days for a copy of the record, for the purpose of filing it in the Court of Appeals, *378 ‘‘the right of either party to take up the appeal herein afterwards shall cease and be completely ban-ed,” and by like consent, a decree was entered, appointing commissioners to divide the slaves and personal estate of the testator, in the proporiiions designated in said decree; other proceedings were had by amending the decree, &c. and the cause appears by this record to be yet retained by the court for final decree upon the matters, as to slaves and personal estate.
Writs of error.
Plea of the statute of limitations.
( Decree a-band andS* wife, touching the wife’s ’• '"andaeaüjsfe'* in the "‘‘dStu/'Vrv iímnations,• .will bar all. f. H
Holliday, Lewis Hickman and others, the complainants in the original bill, and defendants to the cross bill, sued two writs of error, the one to the decree on the cross bill, bearing teste on the 16th July, 1827, the other to the original cause, bearing teste on the 10th July, 1827.
To each of these the defendants in error, James, Joel and Richard, have pleaded the statute for limiting writs of error. To these the plaintiffs' have reppe(j) that all the plaintiffs, except Stephen Holliday, George Hill, Robert Overal and Belaine P. E. vans, were respectively infants and Jemes covert, and so continued until less than three years next before the emanation of the respective writs of error; and that the said Holliday, Hill, Overall and Evans, Were parties to the said decree in right of their wives only. The defendants demurred.
In the case of May and Eppes and wife vs. Marshall, &c. decided October 24th, 1822, (2 Lift. 147,) tfie construction of the statute for limiting writs of error to three years, (enacted in 1816,) was, that the coverture of Mrs. Eppes, at the time of the de,cree arK^ then, did not bring the writ of error within the saving of the statute, although the decree against her and her brother John May, for lands derived from their father. It was there declared .f’that the disability of one of several persons,” did n<jit prevent the statute from operating as a bar. That decision has been followed in subsequent cas-At the last term, I took occasion to express my dissent from that construction of the statute; but my opinion was overruled, the court being full. I do not feel myself at liberty now, by a division of *379 the court when not full, to produce a result contrary to what is the rule of decision established in full court. Reserving the right, however, to consider how far, a mere nominal party, or one in fact interested to sustain the decree, and therefore disinclined to prosecute a writ of error for the benefit of the disabled person, or persons associated in a decree or judgment, may form an exception to the rule; for example, if A should bring his bill against B his vendor, who faudulently sold without title, and against the infant heirs of C, who had the legal and equitable estate, and should obtain a decree against B, and the heirs of C, for a conveyance; it would be hard that the infants should be barred of redress after three years, during their continuing disability, because B, who has every incentive to affirm tíre decree, would not prosecute a writ of error within the three years, preserving such like cases for future consideration, I feel bound in the present case to apply the bar, the disabilities of part Of the plaintiffs, notwithstanding.
The sole object of the assignment of errors, in both these writs, is to get from under the force of the decree of the first of October, 1821, establishing the will. That question is closed and barred by the decree on the matter of the cross bill; that decree was final, and is now conclusive, and irrever-sable, by lapse of time. The after proceedings on the other matters of the original bill, have all been in subserviency and as consecutive to the decree establishing the will.
It seems, therefore, to the court, that the replication of the plain tills to the plea of the defendai does not avoid tire bar pleaded; and that the in¡ of Jaw arising upon the demurrers, are for the'defendants. It is, therefore, ordered and decreed " the court, that the said writs of error respective had, and sued by the said plaintiffs, Holliday Jh others against the said defendants James, Joe! Richard Hickman, in manner and form aforesai and upon the assignment of errors aforesaid, be barred.

*380
Absent, Judge Milk.

Crittenden and Combs, for plaintiffs; Hanson and Monroe, for defendants.
Defendants to recover their costs.